IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN CLARK,

    Plaintiff,

v.                    No. CIV 15-0257 LH/KBM

GREGG MARCANTEL, DIRECTOR OF PRISONS,
JERRY ROARK, DEPUTY DIRECTOR OF PRISONS,
GERMAN FRANCO WARDEN,
DERECK WILLIAMS, DEPUTY WARDEN,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's removed complaint. Plaintiff is incarcerated and appears pro se. The state court granted Plaintiff free process (CM/ECF Doc. 7-6, pp. 13-14), and, based on the financial information in the state court record, this Court will grant him leave to proceed under § 1915. The Defendants have answered the complaint. For reasons set out below, Plaintiff's federal claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the

same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, after an incident in which an inmate was killed, Defendants took certain increased security measures (Interim Level-6) against "every validated, and suspected member, of a supposed prison gang," which included Plaintiff. Defendants confiscated certain of Plaintiff's property, limited him to three showers per week, limited his phone calls and visits, and segregated him from "every other prisoner." Plaintiff alleges that the measures were applied to inmates "who are not involved with any crime," and several of the specific measures violated departmental rules governing Interim Level-6 classifications. Plaintiff contends that Defendants' actions violated his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution as well as Article II section 18 of the New Mexico Constitution. The complaint seeks damages and equitable relief.

Plaintiff's assertion that Defendants acted in violation of departmental and prison regulations does not, by itself, support claims under 42 U.S.C. § 1983. Violations by prison officials of state laws and regulations, without more, are not actionable under § 1983. " 'It is well established' that a violation of state law 'does not create a claim under § 1983.' A failure to follow a state statute is 'actionable only if the [alleged] actions fail to meet basic federal constitutional standards.' " *Hoffman v. Martinez*, 92 F. App'x 628, 632 (10th Cir. 2004) (quoting *Rector v. City & County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003)). Rather, Plaintiff must allege that the resulting "conditions complained of [were] 'sufficiently serious' to implicate constitutional rights . . . . [A] prisoner must show . . . 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v. Uphoff,* 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).

Here, the complaint alleges that Defendants confiscated certain of Plaintiff's property and reclassified him to Interim Level-6, increasing restrictions on his visits, phone calls, and daily hygiene.  These allegations do not implicate the Due Process Clause or the Cruel and Unusual Punishment Clause.  First, Plaintiff has no due process rights to a particular classification.  *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994); *but see Duffy v. Uphoff*, No. 96-8017, 1997 WL 82482, at **2 (10th Cir. 1997) (due process may protect inmate from arbitrary changes in classification that are outrageous or shock the conscience); *and cf. Wilkinson v. Austin*, 545 U.S. 209, 223 (2005).  And second, nothing less than " 'the unnecessary and wanton infliction of pain' implicates the Eighth Amendment. . . ."  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal citations omitted).  "The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Id.* at 298 (internal citations omitted).  The noted restrictions do not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), and the Court will dismiss Plaintiff's federal due process and Eighth Amendment claims.

Plaintiff also asserts an equal protection claim based on his Mexican-American ethnicity, which places him in a suspect class.  "Like race, ethnicity and national origin are suspect classifications."  *Hernandez v. Cate*, 918 F. Supp. 2d 987, 1006 (C.D. Cal. 2013) (citing *Johnson v. California,* 543 U.S. 499, 505–506 (2005)).  This claim has only Plaintiff's conclusory assertion for support.  He does not allege that the heightened restrictions were imposed on Mexican-Americans, but rather on "validated, and suspected members of a supposed gang."  Furthermore, he was "segregated from every other prisoner," clearly including other Mexican-Americans.  Plaintiff's heightened security classification was based on his gang membership, which is not a suspect class.

*See Nesbit v. Dep't of Public Safety*, 283 F. App'x 531, 533-34 (9th Cir. 2008) (citations omitted). The federal equal protection claim will be dismissed.

Last, Plaintiff contends that Defendants' alleged actions violated certain of his rights under state law. In view of the dismissal of all federal claims against Defendants, the question arises whether this Court should exercise jurisdiction of Plaintiff's state law claims. It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these claims. *See* 28 U.S.C. § 1367(a). The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Under the terms of the statute, the Court declines to exercise supplemental jurisdiction and will remand Plaintiff's state law claims to the state court. *See Ball v. City of Indianapolis*, 760 F.3d 636, 639 (7th Cir. 2014) (affirming remand of supplemental state law claims after dismissal of federal claims). The Court will remand Plaintiff's state law claims.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's federal claims are DISMISSED with prejudice; Plaintiff's complaint is REMANDED to the New Mexico First Judicial District Court, County of Santa Fe, for adjudication of his state law claims; and JUDGMENT will be entered.

```
                                    _____
                                    SENIOR UNITED STATES DISTRICT JUDGE
```